## CORAM v. DAVIS et al.

(Circuit Court D. Massachusetts. November 29, 1910.)

No. 720.

1. REMOVAL OF CAUSES (§ 48*)—SEPARABLE CONTROVERSY.

Where the citizenship of complainant and all the defendants is not diverse, and the bill contains various claims, the cause is not removable if there is one claim as to which the controversy is not separable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 94; Dec. Dig. 48.*

Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

2. REMOVAL OF CAUSES (§ 48*)—DIVERSE CITIZENSHIP—SEPARABLE CLAIMS.

Where, in a suit against several defendants, the citizenship was not diverse as to all, and the bill as framed stated a cause of action by complainant for reimbursement for disbursements made by him against all defendants, which included practically all the parties who signed an agreement for the settlement of decedent's estate, and who were entitled to the benefit of a trust fund in the hands of defendants' trustees, there was no separable controversy justifying a removal of the cause to the federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 94; Dec. Dig. § 48.*]

In Equity. Suit by Joseph A. Coram against Andrew J. Davis and others. Petition to remand. Granted.

See, also, 174 Fed. 664.

Adler, Barker, Stanton & Wood, for complainant.

Hollis R. Bailey, E. N. Harwood, Charles E. Stearns, and D. E. Webster, for defendants.

PUTNAM, Circuit Judge. This is a petition to remand a suit in equity removed to this court from the Supreme Judicial Court for the County of Suffolk, State of Massachusetts. There are a great many parties respondent named in the bill; but the only parties involved in this particular proceeding are Andrew J. Davis, the son of Andrew J. Davis, deceased, Charles H. Palmer, each assuming to appear in his individual right, and also as joint trustees under the trust which we will describe later on, and John E. Davis, who also appears in his individual right and as administrator of the estate of John A. Davis. Andrew J. Davis, John E. Davis, and John A. Davis were all sons of the original Andrew J. Davis, deceased, referred to herein as the testator. Andrew J. Davis and Charles H. Palmer joined in one petition for removal, and John E. Davis filed a separate petition for himself. The case has so sifted out that all we need investigate is whether or not, in behalf of Andrew J. Davis and Charles H. Palmer as trustees, or individually, or in behalf of John E. Davis, individually or as administrator, there was a separable controversy justifying the removal.

The removing parties have submitted the case as though we were to investigate the merits to some extent. The law is settled that we

are to investigate the merits only so far as to ascertain whether or not the parties petitioning for removal were made parties colorably for the mere purpose of retaining jurisdiction in the state court. If the bill presents a bona fide case otherwise, we have no power to look further. We find that it does on its face show a bona fide claim, which defeats the separable character of at least one controversy presented by the bill.

The complainant presented to the court numerous claims, all relating to the liquidation of the estate of Andrew J. Davis, the testator, and the expenses growing out of that liquidation and the contests involved therein. Some of these claims, very likely, may present separable controversies, and some of them may present controversies to which none of the petitioners for removal are in any way involved; but, if we find one claim as to which the controversy is not separable; whatever else remains is to be cleaned up by proper objections to the bill in the state court for multifariousness. So that, when the bill is thus cleaned up, if the claims which remain are of a character justifying removal, then, according to the present settled practice of the Supreme Court, a new petition for removal would be cognizable. However, we must deal with the case as we find it now.

The record shows an elaborate agreement entered into on April 28, 1893, to which all the heirs and legatees of Andrew J. Davis, testator, and all persons having present interests by, through, or under those heirs or legatees, were parties, as well as Coram and Palmer in their individual capacities, and Davis and Palmer as trustees. It is not necessary to name all these parties, but they are very numerous. It is by virtue of that agreement that Davis and Palmer became trustees. The agreement undertakes to compromise all questions between the parties to it in the alternative that the will of Andrew J. Davis, testator, is allowed and duly probated, and in the alternative that it is not allowed and duly probated. It divides the estate among all the parties to the agreement in the alternative on each contingency. It also classifies the persons signing the agreement into two classes, as to which one class receives an amount of $500,000 on account of the expenses of litigation already incurred, and the other class receives another sum of $500,000 in like behalf. Then the agreement assigns to Palmer and Andrew J. Davis as joint trustees a certain residue, to be finally distributed as provided in the agreement, with a subsequent provision in effect that further expenses incurred in carrying out the contract shall be reimbursed, at least in part, "out of such estate." Apparently this refers to the portion of the estate which was conveyed to Andrew J. Davis and Charles H. Palmer in trust. At any rate, such is the bona fide claim made by the complainant. Then follows a supplement to the agreement, made a part thereof, that one Henry A. Root, Coram, and Palmer "jointly and severally agree to advance from time to time one-half of the expenses incurred in carrying the contract into effect." This is the one-half to which the trust is to contribute. Then follows the usual acceptance of the trust named in the agreement by Andrew J. Davis and Charles H. Palmer.

Various prayers for relief are expressly based on this agreement, and demand payment to Coram for advances made by him in accordance with it. Among the other prayers for relief covered by this proposition are 7, 8, and 9. There can be no doubt whatever that, on the frame of the bill, we·have a bona fide claim by the complainant for reimbursement for disbursements made by him, against all the parties respondent in the bill, which includes practically all the parties who signed the agreement of April 28, 1893, as we have said; and from the alleged trust fund in the hands of Andrew J. Davis and Charles H. Palmer as trustees.

Whatever may be the other relief sought for by the bill, so far as the particular paragraphs we have named are concerned, there can be no question that all the parties named as respondents are shown to be jointly interested, either as direct contributors to the claim of the complainant, or for marshaling as among themselves. Therefore, so far as this is concerned, there is not in the sense of the law any separable controversy.

Ordered and decreed that the case be remanded to the Supreme Judicial Court for the County of Suffolk and State of Massachusetts, for further proceedings therein in accordance with the law; and that Joseph A. Coram recover his costs in this court.